**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-cv-62542-BLOOM/Valle**

GIULIANO STEFANO GIOVANNI WILDHABER,

      Plaintiff,

v.

EFV, *et.al.*,

      Defendants.

_____/

## ORDER

    **THIS CAUSE** came before the Court on Defendants' Motion to Stay All Discovery Pending Determination of Defendants' Motions to Dismiss, ECF No. [73] (the "Motion to Stay"). In the Motion to Stay, Defendants request that the Court enter an Order staying discovery pending resolution of their Motions to Dismiss based on insufficient process and service of process, lack of personal jurisdiction, failure to state a claim upon which relief can be granted, improper venue, forum *non conveniens,* and the application of the statute of limitations. *See* ECF Nos. [56], [62] and [77] ("Motions to Dismiss"). For the reasons set forth below, Defendants' Motion to Stay is granted**.**

    Plaintiff filed his Complaint in the Seventeenth Judicial Circuit in and for Broward County, Florida on November 2, 2017. Defendants EFV and EBK-Eidgenoessische Bankenkommission ("the Swiss Confederation Defendants") filed their Notice of Removal on December 21, 2017. *See* ECF No. [1]. On the following day, the remaining Defendants, which have been collectively known in this action as the "Bank Defendants" filed their own Notice of Removal. *See* ECF No. [3]. The Court thereafter entered its Order on Post-Removal Procedures

requiring that the Bank Defendants file their response to the Complaint no later than January 18, 2018 and that the Swiss Confederation Defendants respond no later than February 5, 2018. *See* ECF No. [34]. Thereafter, the Bank Defendants, other than UBS AG, filed an Omnibus Motion to Dismiss the Complaint, asserting insufficient service of process, lack of personal jurisdiction, improper venue under the doctrine of forum *non conveniens*, failure to state a claim, and a statute of limitations time bar. *See* ECF No. [56]. Defendant UBS AG filed its own Motion to Dismiss asserting that Plaintiff's claims under the Alien Tort Statute are "impermissibly extraterritorial" thereby failing to state a claim and challenging personal jurisdiction, service, and the validity of the class action component of the Complaint. *See* ECF No. [62]. Finally, the Swiss Confederation Defendants filed a separate Motion to Dismiss, raising defenses under the Foreign Sovereign Immunities Act, the Act of State doctrine, the applicable statute of limitations, as well as other procedural arguments. *See* ECF No. [77].

Given the pendency of potentially case-dispositive Motions to Dismiss, Defendants jointly ask the Court to stay discovery and all discovery-related deadlines within the Court's Scheduling Order, ECF No. [53], until such time as the Court has entered a ruling. *See* ECF No. [73]. Plaintiff filed a Response to the Motion to Stay and Defendants filed their Reply. *See* ECF Nos. [97] and [100]. In addition, Plaintiff filed an unauthorized Sur-Reply.[1] *See* ECF No. [103].

Under both Federal Rule of Civil Procedure 26 and the law of this Circuit, the Court "has broad discretion to stay discovery pending decision on a dispositive motion," which necessarily includes Defendants' Motions to Dismiss. *See Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985); *Foster v. Sun Int'l Hotels, Ltd.*, No. 01-01290-CIV-KING, 2002

---

[1] Plaintiff is reminded that, although he is *pro se*, he must follow the Local Rules for the Southern District of Florida. The Local Rules do not provide for the filing of a sur-reply as a matter of right. In the future, should Plaintiff desire to file a sur-reply, Plaintiff must first seek leave of Court to do so. If the Court grants leave to file the sur-reply, *only then* may Plaintiff file the sur-reply.

Case No. 17-cv-60949-BLOOM/Valle

WL 34576251, at \*1 (S.D. Fla. Feb. 5, 2002), aff'd sub nom. *Foster v. Sun Int'l*, 54 F. App'x 691 (11th Cir. 2002)).  The Court has taken a "preliminary peek" at Defendants' Motions to Dismiss. *Pereira v. Regions Bank*, 6:12-CV-1383-ORL-22, 2012 WL 5448191, at \*1 (M.D. Fla. Nov. 7, 2012).  In deciding whether to grant a stay, the Court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Berry v. Canady*, No. 2:09-CV-765-FTM-29, 2011 WL 806230, at \*1 (M.D. Fla. Mar. 2, 2011).  Under the particular circumstances present here, there is a high burden on the foreign Defendants to engage in discovery during the pendency of their Motions to Dismiss, which are based on multiple, alternative case-dispositive grounds.  This burden outweighs the potential harm to Plaintiff for any discovery delay.  Significantly, the Court has reviewed Plaintiff's Response and Sur-Reply, but neither of them addresses the question of why a stay should not be entered during the pendency of the Motions to Dismiss or how a stay would otherwise cause him any prejudice.  Accordingly, it is

> **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Stay All Discovery Pending Determination of Defendants' Motions to Dismiss, **ECF No. [73]**, is **GRANTED**.

2. All discovery, **including scheduled deadlines and hearings,** shall be **STAYED,** pending resolution of Defendants' Motions to Dismiss, ECF Nos. [56], [62] and [77].

3. If  resolution of Defendants' Motions to Dismiss, ECF Nos. [56], [62] and [77], does not dispose of all claims before the Court, either party may move this Court to lift the stay.

Case No. 17-cv-60949-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of March, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

4